**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
*mreese@reesellp.com*

*Counsel for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANET ROSS, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIM Brands, Inc.<br><br>Defendant. | **Case No. 26-cv-5551**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Janet Ross ("Plaintiff") by her undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge, brings the following complaint against PIM Brands, Inc. ("Defendant"):

## INTRODUCTION

1. This case is about the deceptive package labeling of Welch's Zero Sugar Fruity Bites ("Product" and "Products").

2. The Products are sold in many major retail locations located in New York. The package labeling looks like – or substantially like – this:




3. In contradiction to the Products' labeling, advertising and name, every single serving is sweetened by adding sugar to the Products.

4. Specifically, during the processing of this product the sugar "allulose" is added as a sweetener.

5. This is a straightforward case. Defendant has sold these Products to unsuspecting consumers by telling them that "Zero Sugar" has been added to the product, when in reality Defendant adds sugar to every single container.

6. Selling consumers a food product that is intentionally mislabeled and intended to deceive them violates the consumer protection laws of New York.

7. This complaint seeks relief for Plaintiff and the other Class members and asserts causes of action for violations of the consumer protection laws of New York.

## PARTIES

8. Plaintiff resides in St. James, New York. During the Class Period, Plaintiff purchased the Products at retail in Suffolk County, New York. Before purchasing the product, Plaintiff saw and relied upon the prominent "Zero Sugar" representation on its front label in deciding to purchase the product. Plaintiff reasonably understood that representation to mean that Defendant had not added a sugar ingredient to the product during manufacturing or processing. That characteristic was material to Plaintiff's purchasing decision. Had the product been truthfully represented as containing sugar added as a sweetener, Plaintiff would have valued the product less and would not have paid the price Defendant charged for it.

9. Defendant is responsible for the manufacture, packaging, marketing and sale of the Products. Defendant is headquartered Park Ridge, New Jersey.

## 10. JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over the case pursuant to the Class Action Fairness Act, 28 U.S.C. §1332, because the case is brought as a class action under Fed. R. Civ. P. 23.

12. At least one proposed class member is of diverse citizenship from Defendant.

13. The proposed class and each proposed state specific subclass includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

14. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiff's claims within this District and has caused harm to Class members residing within this District.

## ALLEGATIONS OF FACT

### A. Defendant Has Deceptively Marketed and Labeled the Products

15. As set forth in more detail below, Defendant has engaged in a scheme to deceive consumers by selling them the Products purportedly made with "Zero Sugar" while actually adding the sugar allulose as a sweetener.

16. This deception was carried out intentionally in a bid to enrich Defendant and its owners.

17. And it largely worked; consumers have been deceived into purchasing Defendant's Zero Sugar Products based on the reasonable belief that "zero sugar" was "added" in the processing and manufacturing of the product. These consumers reasonably relied on Defendant's deceptive product labels and statements, and suffered damage because they were cheated out of the benefit of the bargain they believed they were making when purchasing the product.

18. Defendant's Products are prominently labeled with statements claiming that it has "Zero Sugar."

19. This is all a complete deception. In fact, Defendant's Products are sweetened by adding allulose to the product.

20. Allulose is a sugar.

21. It is a naturally occurring sugar that occurs in certain fruits and vegetables. However, those food items must go through substantial commercial processing in order to become the allulose Defendant adds to the product.

22. Chemically, allulose is a monosaccharide epimer of fructose.

23. Allulose and fructose are both sugar carbohydrates that differ in the position of a single carbon atom. To illustrate, here is a diagram laying out the general chemical composition of allulose and fructose: [1]




Chemical structures of (a) D-allulose, (b) D-fructose

24. As a monosaccharide, it falls squarely within the Food and Drug Administration ("FDA")'s codified definition of sugar. 21 C.F.R. 101.9(c)(6)(ii)

25. The FDA has confirmed in amicus briefing that Allulose meets the regulatory definition of "Total Sugars" set forth in 21 C.F.R. 101.9(c)(6)(ii).

[1] Han-Joo Maeng et al., 8 MDPI Journal 448, Foods, *Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol*, October 1, 2019, https://www.researchgate.net/figure/Chemical-structures-of-a-D-allulose-b-D-fructose-c-D-glucose-and-d-erythritol_fig4_336222515

26. The 7th Circuit has also confirmed that, as a matter of law, that "Allulose is a sugar under" 21 C.F.R. 101.9(c)(6)(ii). *Franco v. Chobani, LLC,* No. 25-2087, 2026 WL 2150193, at *1 (7th Cir. July 27, 2026).

**B. Defendant's Deceptive Marketing and Labeling Violate The Law**

27. Misleading people about what they are buying and putting into their bodies is wrong. When it is done by a nationwide food manufacturer who is intentionally deceiving consumers across the country, it violates New York's consumer protection statutes.

28. New York has enacted statutory protections to prevent and punish the sort of deceptive trade practices in which Defendant has engaged.

29. Defendant's "Zero Sugar" representation was likely to deceive a reasonable consumer. Defendant's product did not possess that represented characteristic because Defendant intentionally added allulose—a sugar—as a sweetener.

30. Plaintiffs and the other Class members saw and relied upon Defendant's prominent "Zero Sugar" representation prominently displayed on the front of the packaging. They reasonably understood the representation to mean that Defendant had not added a sugar ingredient to the product during manufacturing or processing.

31. In direct contradiction to consumers' expectations, however, Defendant knew that: (a) it intentionally added allulose to the product as a sweetener; (b) allulose is a sugar; (c) the representation "Zero Sugar" communicated that Defendant had not added a sugar ingredient during manufacture or processing; (d) reasonable consumers would rely upon that representation in making purchasing decisions; and (e) the "Zero Sugar" representation increased consumer demand for, and the market value of, the Products.

32. Plaintiff paid for a product possessing a particular, marketed attribute—that no sugar had been added during manufacture—but received a product that did not possess that attribute. The "Zero Sugar" representation increased the perceived and market value of the Products and allowed Defendant to sell the Products at a price greater than the Products would command if truthfully labeled as containing sugar added as a sweetener. Plaintiff therefore paid a price premium attributable to Defendant's false "Zero Sugar" representation and were deprived of the benefit of their bargain.

**CLASS ALLEGATIONS**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class:

> All persons who purchased any of the Products in the State of New York at any time from September 9, 2023 to the date of judgment (hereafter, "Class")

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all class/subclass members that timely and validly request exclusion, and (iii) the Judge presiding over this action.

34. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35. The members of the classes are so numerous and geographically dispersed that joinder of all members is impracticable. On information and belief, there are tens of thousands if not hundreds of thousands of class members. This is because, in part, Defendant distributes its Products in many major retail locations.

36. There are numerous and substantial questions of law or fact common to all of the members of each subclass which predominate over any individual issues. Included within the common questions of law or fact include, *inter alia*:

(a) Whether Defendant engaged in the conduct alleged;

(b) Whether Defendant misrepresented the contents, traits or ingredients of the Products;

(c) Whether Defendant's claims are false, deceptive, and likely to mislead a reasonable person;

(d) Whether Defendant's acts constitute deceptive, unfair and fraudulent business acts and practices;

(e) Whether Plaintiff and the other class members were deprived the benefit of the bargain;

(f) Whether Defendant unjustly retained a benefit conferred by Plaintiff and the other class members;

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

38. The claims of Plaintiff are typical of the claims of class members, in that they share the above-referenced facts and legal claims or questions with class members, and there is a substantially uniform relationship between the damage to Plaintiff and Defendant's conduct affecting each class member.

39. Plaintiff is an adequate Class representative because Plaintiff has no interests adverse to the interests of other class members.

40. Plaintiff will fairly and adequately represent and protect the interests of each class member. Plaintiff has retained competent and experienced counsel.

41. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all class and subclass members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

(a) the claims presented by Plaintiff in this case predominate over any individual questions of law or fact, if any exist at all.

(b) given the size of individual class and subclass members' damages, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent class and subclass members have no substantial interest in individually controlling the prosecution of individual actions;

(c) the prosecution of separate actions by individual members of the class and state specific subclasses would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

(d) this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the class can seek redress for the harm caused to them by Defendant.

42. Further, bringing hundreds of thousands of individual claims for a product that generally costs less than $10 would overburden the courts and be an inefficient method of resolving

the dispute, at the center of this litigation. Adjudications with respect to individual members would, as a practical matter, be dispositive of the interest of other members who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

**COUNT ONE**
**NEW YORK DECEPTIVE ACT AND PRACTICES LAW ("DAPL")**
**N.Y. GEN. BUS. LAW § 349**
**(On Behalf of Plaintiff and the Class)**

43. Plaintiff restates and realleges all preceding allegations as though fully set forth herein.

44. Defendant engaged in consumer-oriented deceptive acts and practices by prominently labeling, marketing, and selling the Products as having "Zero Sugar" while intentionally adding allulose—a sugar—to the Products during processing. Defendant made this representation uniformly to consumers purchasing the Products in New York and elsewhere.

45. Defendant's "Zero Sugar" representation was likely to mislead a reasonable consumer acting reasonably under the circumstances. A reasonable consumer would understand the representation to mean that Defendant had not added a sugar ingredient to the Products during manufacturing or processing. Whether sugar had been added to the Products was a material characteristic capable of affecting consumers' purchasing decisions and the price they were willing to pay.

46. Defendant's labeling, marketing, and sale of the Products constitute deceptive acts and practices in violation of § 349 of the New York General Business Law. Defendant represented that the Products possessed a material characteristic—that they had zero sugar—that the Products did not actually possess.

47. As a direct result of Defendant's materially misleading practices, Plaintiff and the New York Class paid more for the Products than the Products were worth as truthfully represented. Defendant's "Zero Sugar" representation increased the perceived and market value of the Products and caused Plaintiff to pay a price premium for a characteristic the Products did not possess. That price premium—the difference between the value of the Product as represented and its value as truthfully represented—constitutes an actual economic injury.

48. Under §349(h), individuals, or a class of individuals, may bring an action to recover the greater of $50 or actual damages, in addition to three times the actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the New York Class seek such relief.

**COUNT TWO**
**NEW YORK FALSE ADVERTISING LAW**
**N.Y. GEN. BUS. LAW § 350**
**On Behalf of Plaintiff and the Class**

49. Plaintiff restates and realleges the preceding allegations set forth above.

50. Defendant engaged in false advertising within the meaning of §§ 350 and 350-a by prominently labeling, advertising, and marketing the Products as having "Zero Sugar" when, in fact the products contain sugar. Indeed, Defendant adds allulose—a sugar—to the product during processing.

51. Defendant's "Zero Sugar" representation was false and materially misleading. Defendant prominently represented to consumers that no sugar had been added to the Products even though Defendant intentionally adds allulose—a sugar—to the Products during processing.

52. As a direct result of Defendant's false advertising, Plaintiff paid more for the Product than the Product was worth as truthfully represented. Defendant's "Zero Sugar" representation increased the perceived and market value of the Product and caused Plaintiff to pay a price premium for a characteristic the Product did not possess. The resulting price premium

constitutes an actual economic injury to Plaintiff and the other Class members. .Under §350-e, individuals, or a class of individuals, may bring an action to recover the greater of $500 or actual damages, plus up to three times their actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the other Class members seek such relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in their favor against Defendant as follows:

A. Certifying the Class under Federal Rule of Civil Procedure 23 as requested herein;

B. Appointing Plaintiff as the class representative and Plaintiff's Counsel as class counsel;

C. Awarding Plaintiff and the other Class members actual, compensatory, punitive, statutory, treble, equitable and/or consequential damages;

D. Awarding Plaintiff and the other Class members reasonable attorneys' fees, costs, and expenses; and,

E. Granting such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues.

Dated: September 8, 2026

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
*mreese@reesellp.com*

*Counsel for Plaintiff and the Proposed Class*